UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WAWRZYNSKI,

       Plaintiff,

                                                   Civil Action No. 10-CV-14550
vs.                                        HON. MARK A. GOLDSMITH

H.J. HEINZ COMPANY, et al.,

       Defendants.
_____/


## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT, OR ALTERNATIVELY, TO TRANSFER VENUE

### I.  Introduction

Before the Court is Defendants' motion to dismiss the amended complaint, or alternatively, to transfer venue.  For the reasons below, Defendants' motion is granted; the matter will be transferred to the United States District Court for the Western District of Pennsylvania.

### II.  Factual and Procedural Background

Defendants are H.J. Heinz Company ("Heinz"), H.J. Heinz Company L.P. ("Heinz L.P."), and Heinz GP LLC ("Heinz GP").  Plaintiff is David Wawrzynski, a Macomb County, Michigan, resident who in 1996 and 1997 was issued a patent for "his [m]ethod of food article dipping and wiping in a condiment container."  D.E. 1-2 ¶¶ 6-7 (state court complaint).  In October 2010 Plaintiff sued Defendant Heinz only in Macomb County Circuit Court alleging breach of contract and unjust enrichment related to Heinz's marketing of "Dip & Squeeze" packaging.  Id. ¶ 21.

On November 15, 2010, Heinz removed the state court action to this Court.  D.E. 9 at 2 (motion).  Earlier that same day, Heinz and Heinz L.P. had commenced a separate action in the

Western District of Pennsylvania seeking a declaratory judgment that the patent was not infringed or that the patent was invalid. D.E. 9-4 (Pennsylvania federal court complaint).[1]

Heinz filed a motion to dismiss the instant action in this Court. Heinz withdrew the motion in December 2010 following Plaintiff's submission of an amended complaint. Significantly, the amended complaint added the two other current Defendants, Heinz L.P. and Heinz GP. On January 28, 2011, Defendants filed a motion to dismiss, or alternatively, to transfer venue. D.E. 9. The motion was fully briefed and the Court held a hearing on the motion on May 26, 2011. After the hearing the parties were required to submit supplemental briefing concerning venue and personal jurisdiction. D.E. 13 (order directing supplemental briefing).

### III.   Analysis

Defendants make four arguments: (i) that the amended complaint should be dismissed as to Heinz and Heinz GP (only) because the Court lacks personal jurisdiction over them, (ii) that there is no basis for venue in the Eastern District of Michigan, (iii) that Plaintiff's claims in this Court (for breach of contract and unjust enrichment) should be dismissed because they are

---

[1] The Western District of Pennsylvania litigation is no longer active. The district court dismissed the action for declaratory relief brought there by Heinz. D.E. 12-2 (dismissal opinion). Wawrzynski had filed a motion to dismiss arguing (i) the suit did not present an actual controversy as required by the Declaratory Judgment Act and Article III and (ii) in the alternative, that the matter should be transferred to this district under the first-filed rule or 28 U.S.C. § 1404(a). The court (i) determined that the suit filed in this Court was the first filed suit, (ii) declined to decide the "actual controversy" issue, and (iii) declined (discretionary) jurisdiction over the action. The court noted that the suit filed in this Court "forms the factual nexus of the dispute between Heinz and Wawrzynski," and concluded that,

> [p]rinciples of judicial economy, the avoidance of piecemeal litigation, as well as the discretionary jurisdiction conferred by the Declaratory Judgment Act, warrant a dismissal of the instant action in this Court. The declarations Heinz seeks in this Court are matters that can and should be resolved in the litigation presently before the Michigan District Court.

D.E. 12-2 at 6.

preempted by federal patent law, and (iv) that the matter should be transferred under 28 U.S.C. § 1404(a) to the Western District of Pennsylvania.

Because the Court concludes that there is no basis for venue in the Eastern District of Michigan, the Court need not address Defendants' other claims.[2]

### A. No Basis for Venue in the Eastern District of Michigan

Defendants contend that Plaintiff does not satisfy the venue requirements. The parties' specific arguments concerning venue are found primarily in their supplemental briefs. Plaintiff maintains that venue is proper in the Eastern District of Michigan. He points out that venue may be proper in a district even where a substantial part of events giving rise to the action also occurred in another district and emphasizes that venue may be proper in more than one district. D.E. 17 at 1-2 (Plaintiff's supplemental brief). In support, Plaintiff lists the events that occurred in Michigan:

> Here, Mr. Wawrzynski presented evidence that he developed his ideas and marketing programs in Michigan. H. J. Heinz Company . . . contacted Mr. Wawrzynski in Michigan and requested a meeting with him. Heinz emailed Mr. Wawrzynski in Michigan and requested that he produce 100 samples. Mr. Wawrzynski made samples in Michigan and sent them to Heinz from Michigan, and he was in the process of producing the remaining requested samples in Michigan. Indeed, Mr. Wawrzynski has established that venue is proper in this Court.

Id. at 2. Defendants acknowledge that venue may properly lie in more than one district, but respond that a substantial part of the events giving rise to the claim did not occur in the Eastern District of Michigan. D.E. 18 at 4 (Defendants' supplemental brief). Defendants maintain that

---

[2] Although district courts often consider the jurisdictional issue first when a defendant simultaneously challenges both personal jurisdiction and venue, this is not required. After having examined Defendants' jurisdictional arguments, the Court concludes that there are sound prudential reasons for disposing of this case on venue grounds. See 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3826 (3d ed. 2007) (courts properly consider venue first where there are sound prudential reasons for doing so, such as where the jurisdiction question is complex).

courts are to focus on the defendant's (rather than the plaintiff's) relevant activities in the district, id. at 1-2, and contend that their activities do not provide a sufficient basis for venue in the Eastern District of Michigan:

> The only activities that plaintiff alleges that any defendant committed in Michigan are (1) a single telephone call to Wawrzynski inviting him to a meeting in Pittsburgh (Doc. 11-3, ¶ 7), in response to the numerous letters and telephone calls that Wawrzynski directed to defendants in Pittsburgh soliciting interest in his patented "little dipper;" and (2) a single e-mail message, as a follow-up to the Pittsburgh meeting, requesting Wawrzynski to "advise whether you can supply 100 samples for our upcoming focus groups." (Doc. 11-5). Everything else that Wawrzynski points to in Michigan consists of his own, unilateral actions . . .

Id. at 2-3.

The governing rule is 28 U.S.C. § 1391(a)(2), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

Under § 1391(a)(2), "the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose." First of Mich. Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998). Although a plaintiff could meet the § 1391(a)(2) standard in more than one district, id., courts emphasize that a "substantial" part of the events giving rise to the claim must have occurred in the district. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005) ("substantial" means that "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred"); 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3806.1 (3d ed. 2007) ("the test for venue is not the minimal contacts with forum state required for constitutional procedural due process . . . more activity is required in venue cases than is necessary to satisfy constitutional due process . . . . The nature of the events' relationship with the forum for venue purposes must be "substantial";

most long-arm jurisdiction statutes simply require that the claim arise from acts in the forum, which may demand significantly less contact"). With regard to burden of proof, although the case law is not uniform, the parties urge – and this Court agrees – that Plaintiff has the burden of proof. See 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3826 (3d ed. 2007) ("what has been characterized as 'the better view,' and the position that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue") (internal footnote omitted). The Court now applies these standards to the facts of this case.

The relevant and potentially relevant facts for this inquiry are not disputed. They include the following:

- Plaintiff developed his ideas and marketing programs in Michigan, where he lives.
- In 2008, Plaintiff wrote to employees of Defendants numerous times at their Western District of Pennsylvania address/es about his condiment package idea.
- At some point an individual working for Defendants called Plaintiff in Michigan and requested that Plaintiff come to the Western District of Pennsylvania for a meeting.
- Plaintiff traveled to the Western District of Pennsylvania for the meeting, which was held in April 2008.
- In June 2008, Plaintiff emailed an employee of Defendants asking to conduct a follow-up meeting. The Defendants' employee emailed Plaintiff in response and requested that Plaintiff produce 100 samples. (Any samples Plaintiff made he made in Michigan.)
- Heinz stopped communicating with Plaintiff. In October 2009, Plaintiff again wrote to Defendants in Western Pennsylvania related to his condiment package idea.
- At some point later, Defendants informed Plaintiff they were not interested in his product idea.

5

The Court focuses in particular, although not exclusively, on Defendants' actions.[3] After Plaintiff had contacted Defendants numerous times, Defendants called Plaintiff in Michigan to bring him in for a meeting in the Western District of Pennsylvania.  Then, a couple of months after the meeting, Defendants responded to an email by Plaintiff by emailing Plaintiff back.  These two actions by Defendants do not demonstrate that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Michigan.  As a preliminary matter, it is of some significance that Defendants only allegedly took two actions in relation to Michigan.  Contra A & S Servs., Inc. v. Design Mfg., Inc., No. 08-1002, 2008 WL 519427, at *1 (N.D. Iowa Dec. 5, 2008) ("extensive communications before and after execution of the contract" in the form of telephone calls, faxes, and in person negotiations in the district were a substantial part of the events giving rise to the claim) (emphasis added).

Even setting aside the minimal number of actions by the Defendants, however, the nature of the actions demonstrate that they were not a substantial part of the events giving rise to the

---

[3] Again, the case law is not uniform on this point.  "[C]ourts have disagreed over whether to focus solely on the activities of the defendant or to consider the activities of the plaintiff as well." Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1166 n.11 (10th Cir. 2010). Several courts have found it proper to focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred. See Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371-72 (11th Cir.2003); Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995); Abramoff v. Shake Consulting, L.L.C., 288 F. Supp. 2d 1, 3 (D.D.C. 2003); see also 17 Moore's Fed. Prac. § 110.04[1] (stating that "[g]enerally, the court must focus on activities of the defendant, not the plaintiff").  Those courts examining the activities of the defendant and not the plaintiff cite the fact that the general-venue statute protects the defendant from being haled into a remote district having no real relationship to the suit beyond being the location where plaintiff resided at the time of the alleged injury. See, e.g., Woodke, 70 F.3d at 985; Pioneer Surgical Tech. v. Vikingcraft Spine, Inc., 2011 WL 64239, at *2 (W.D. Mich. Jan. 7, 2011); Abramoff, 288 F. Supp. 2d at 3.  There is no Sixth Circuit precedent on this issue, although several district court decisions in the circuit have adopted this view.  See Pioneer, 2011 WL 64239, at *2; Frank v. Univ. of Toledo, No. 05-74903, 2006 WL 1555986, at *3 (E.D. Mich. June 2, 2006); see also Cunningham v. MEC Enters., Inc., No. 10-13409, 2011 WL 1842866 (E.D. Mich. April 20, 2011)  (adopting Report and Recommendation that had considered the defendant's activities only).

<u>claim</u>. Plaintiff raises two claims: breach of implied contract (Count I) and unjust enrichment (Count II). The factual basis stated in the amended complaint for the breach claim is as follows:

> When Mr. Wawrzynski met with Defendants' representatives regarding a new concept for a condiment package, the parties understood that if Defendants used his ideas for new condiment packaging or for marketing the new condiment packaging, Defendants would compensate Mr. Wawrzynski for the reasonable value of his ideas and services rendered to Defendants relative to the value received by Defendants.
>
> Therefore, Mr. Wawrzynski and Defendants had an enforceable implied contract between them.
>
> Defendants breached the implied contract with Mr. Wawrzynski when they used his ideas and did not compensate him.

D.E. 4 ¶¶ 52-54 (amended complaint). Notably, Defendants' actions in Michigan are not a part of the relevant events. The allegations center around Plaintiff's meeting with Defendants – which occurred in the Western District of Pennsylvania – and what the parties understood there.[4] Similarly, the factual basis stated in the amended complaint for the unjust enrichment claim is as follows:

> Mr. Wawrzynski provided Defendants with the ideas for new condiment packaging and marketing the new condiment packaging for which he expected to be compensated.
>
> Defendants received the benefit of Mr. Wawrzynski's hard work regarding and ideas for new condiment packaging and marketing without providing any value in return to Wawrzynski for his services.
>
> Defendants have not paid Mr. Wawrzynski what is owed to him for the value of the services he rendered.

<u>Id.</u> ¶¶ 59-61. Again, Defendants' limited Michigan-related actions are not a part of these allegations. Plaintiff "provided Defendants with the ideas for new condiment packaging" at the

---

[4] Examination of Plaintiff's breach-of-contract allegations is consistent with courts' tendencies, when "determining whether a substantial part of the events . . . giving rise to the plaintiff's contract claim occurred or did not occur in the district," to focus on "where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." 14D Federal Practice & Procedure § 3806.1.

meeting in the Western District of Pennsylvania and/or in Plaintiff's prior communications to Defendants in the Western District of Pennsylvania. Defendants' "recei[pt of] the benefit" of Plaintiff's work necessarily occurred where Defendants were located – in the Western District of Pennsylvania. Accordingly, Defendants' minimal Michigan-related actions were not a substantial part of the events giving rise to the claim.

Considering Plaintiff's actions does not change the result. Plaintiff's actions that could be understood to be a substantial part of the events giving rise to his alleged claims all involve him directing action toward Defendants in the Western District of Pennsylvania. The catalyst of the parties' interactions was Plaintiff's correspondence, sent to Defendants in the Western District of Pennsylvania. Plaintiff then traveled to the Western District of Pennsylvania to meet with Defendants. After the meeting, Plaintiff attempted to obtain a follow-up meeting by again contacting Defendants in the Western District of Pennsylvania. While it is true that Plaintiff lives in Michigan and developed his condiment package ideas in Michigan, that background fact cannot be understood to be a substantial part of the events giving rise to the alleged claims. If it were, the district of a plaintiff's residence would almost always meet the standard – a result explicitly rejected by Congress. See 14D Federal Practice and Procedure § 3806.1 (noting that "Congress explicitly removed" the prospect of venue "always [being] proper at the place of the plaintiff's residence" when it enacted the 1990 amendments to the diversity portion of the venue statute)

Finally, Plaintiff does not raise any convincing arguments to the contrary. Plaintiff cites a couple of cases for the proposition that "[e]ven when a defendant is a resident of another state, if the parties' communications occurred by phone and internet, venue is appropriate in the Plaintiff's forum." The first, General Motors Co. v. DiNatale, 705 F. Supp. 2d 740 (E.D. Mich.

2010), is readily distinguishable. In DiNatale, the court implicitly determined that the Eastern District of Michigan was an appropriate forum under § 1391(a)(2) where the defendant was a GM retiree who was sued for fraud, conversion, and breach of contract for availing himself of GM's vehicle discount plan for 22 purported family members in a four-year period. Id. at 743. Despite the defendant's contention that he had never contacted anyone in Michigan regarding the discount program, the evidence showed that his contacts with GM in Michigan were "numerous, regular, and self-initiated," including regularly calling the GM automated phone system, calling the GM non-automated phone system and speaking with an individual, and accessing the GM website and entering his personal information in order to obtain the discounts. Id. at 750. Defendant did not engage in remotely comparable actions in this case. The second case Plaintiff cites, Presidential Facility, L.L.C. v. Campbell, No. 09-12346, 2010 WL 1286423 (E.D. Mich. Mar. 31, 2010), does not help Plaintiff; the court did not consider the question of venue under § 1391(a)(2) because the argument was not raised. Id. at *8. Accordingly, the Eastern District of Michigan is not a proper venue for this action.

>Section 1406(a) of title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Defendants ask the Court to either dismiss this suit or transfer it to the United States District Court for the Western District of Pennsylvania. Whether to dismiss or transfer this case is a matter of the Court's discretion. Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 533 (6th Cir. 2002). As another judge in this District has observed,

> while "the interest of justice" is not a definite standard, Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986), the "interest of justice" generally instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67, 82 S. Ct. 913, 8 L. Ed. 2d 39

9

(1962).  Transferring a case is keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds.  See Goldlawr, Inc., 369 U.S. at 466-67.

Colston v. Matthews, No. 07-14759, 2008 WL 1902211, at *5 (E.D. Mich. Apr. 29, 2008).  The Court concludes that the interests of justice would be served by transferring this matter to the United States District Court for the Western District of Pennsylvania.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss the amended complaint, or alternatively, to transfer venue (D.E. 9) is granted.  The case is transferred to the United States District Court for the Western District of Pennsylvania.

SO ORDERED.

Dated:  August 25, 2011                        s/Mark A. Goldsmith
        Flint, Michigan                        MARK A. GOLDSMITH
                                               United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2011.

                                               s/Deborah J. Goltz
                                               DEBORAH J. GOLTZ
                                               Case Manager